## B. F. CROFOOT'S EXR. *v.* WILLIAM T. DUVALL.

[Abstract Kentucky Law Reporter, Vol. 3—541.]

**Construction of Terms of a Will.**

Where by a will it is provided "that at the death of my said daughter (who was by the will given a life estate in stock and bonds) I will and bequeath all of said stocks and bonds, and all profits and benefits thereof, to such children or child of my daughter as may then be living, and to be equally divided between them," it is held that the right to the use, possession and enjoyment of the property vests in the children at the death of the mother; and

where it is further provided in the will that in case of the death of such children or child before arriving at the age of twenty-one years without leaving issue such property shall go to another, the right vesting in a child at its mother's death is subject to be divested on the death of such child without issue before it becomes twenty-one years of age.

### Devise of Real Estate.

A devise of real estate to one with a limitation over, that if he dies before he arrives at twenty-one years of age, without issue, the interest in such a case vests instante, subject to be divested by his death, without issue, before he becomes twenty-one years of age, and the interest devised and bequeathed becomes indefeasible when the child arrives at the age of twenty-one years.

### Contingent Devise.

A devise to one when or if he shall attain the age of twenty-one years is contingent, unless followed by a limitation over; then the devise over is explanatory of the sense in which the testator intended the devisee's interest in the property should defease, namely, that at the age of twenty-one it should become indefeasible and absolute, and the interest therefore construed to vest at once.

### Costs of Proceeding to Construe Will.

In a proceeding to construe a will the costs should be paid out of the estate and should not be adjudged against the executor who instituted such proceeding.

### APPEALS FROM LOUISVILLE CHANCERY COURT.

January 31, 1882.·

OPINION BY JUDGE PRYOR:

The will of Frank Crofoot probated in the Jefferson County Court on the 15th day of April, 1878, being of doubtful construction, the parties to the present record sought the opinion of the chancellor on the questions raised, and the appellant, who is the executor of the will, being dissatisfied with the judgment, has brought the case to this court.

The devisor, at the time he executed the will, had but one child living (a daughter, Anna), who had intermarried with Henry A. Duvall, and had by him one child, the present appellee, W. T. Duvall. The daughter died a short time prior to the testator, leaving the appellee surviving her, and the sole devisee of his grandfather's will subject to the limitations found in that paper. The appellee, the infant, and his guardian filed the petition, seek-

ing not only a construction of the will, but the removal of the executor for certain alleged causes, the litigation finally resulting in a settlement of the estate. The first and second clauses of the will make certain bequests that are in no manner affected by the judgment below, the third and fourth clauses presenting the questions that were heard and determined.

The third clause is as follows: "Item 3rd. I will and direct that my unimproved lot of ground of about sixty feet front on the north side of High street in Louisville, Ky., shall be sold by my executor, and that he shall, as soon as practicable, collect such debts as may be owing to me, and that the amount so realized by said sale and collections, together with such money as I may have on hand at my death, and the proceeds of the rest of my personal estate (after first paying therefrom my funeral expenses and just debts), shall be invested by my executor, in safe and profitable and annual or semiannual interest-paying bonds and stocks, and the entire interest thereon he regularly collected by my executor, and when so collected, be, by him, paid to my daughter, Mrs. Anna Duvall, wife of Arthur Duvall, for and during her life, and for the maintenance, comfort and support of herself and such children as she may have, and as her separate estate and free from the debts, liabilities, management and control of any husband she now has, or may, hereafter, have, and free from attachment, and free from pledge, mortgage or incumbrance by either wife or husband; and that said payments shall be, in no manner, anticipated by either party, nor advances, on account thereof, be made by my executor, before the interest be collected. And, at the death of my said daughter, I will and bequeath all of said stocks and bonds, and all profits and benefits thereof, to such children or child of my said daughter as may then be living, and to be equally divided between them; but should my said daughter die without leaving any children or child, or should said children or child die before the youngest arrives at twenty-one years of age, and without leaving any issue,—then, I will and bequeath said stocks and bonds and all interest that may have accrued thereon and not have been received by the beneficiaries, and all interest that may, thereafter, accrue thereon, to my aforesaid sister, Mrs. Green."

"Item 4th. As to such real estate as I may own at my death or have any present, contingent, remainder or reversionary inter-

est in (except the lot on High street hereinbefore directed to be disposed of), I will and direct that none of the real estate shall be sold,—but that my executor shall have the supervision, and take full charge, management and control of the same, and rent the same in such manner and on such terms as may be most advantageous to the parties who are, as herein shown, to receive the benefits thereof; and that my executor shall collect all of the rents, and, after paying from said rents all necessary and proper expenses for repairs and preservation of said property, and taxes on and assessments against the same, and a just and fair compensation for the trouble in superintending and managing the same,—the balance of said rents and profits I will and bequeath, and direct my executor to pay to my aforesaid daughter, Mrs. Duvall, for and during her life, as her separate estate, and for the maintenance, comfort and support of herself and such children as she may have, and free from the debts, liabilities, management and control of any husband she now has, or may hereafter have; and free from attachment, and free from pledge, mortgage or incumbrance by either wife or husband; and that said rents shall be in no manner anticipated by either party, nor any advances, on account thereof, be made by my executor, before said rents be collected; and at my said daughter's death said rents, when collected, to be for the benefit of, and so equally divided among such of her children or child as may be living at her death; and so to be paid until the youngest of said children shall arrive at twenty-one years of age; at which time, but not until then, or in a reasonable time thereafter, said real estate shall be sold, and the proceeds be equally divided between said children. Or, if but one child be then living and none of the other children have issue living, said real estate shall not be sold—but the fee simple title in and to all of the same shall go to and vest absolutely in said child. If my said daughter should die without leaving any children, or if all of her children should die before the youngest shall arrive at twenty-one years of age, and none leave issue—in that event, I will and devise and direct that, then, all of the real estate aforesaid shall go to and the fee simple title fully and completely vest in my aforesaid sister, Mrs. Chloe A. Green, if she be then living; or, if she be then dead, that the same shall go and vest in her heirs, and be divided."

By the third clause of the testator's will his executor, after the payment of debts, is directed to invest the personal estate and the proceeds of the lot of ground directed to be sold, in safe and profitable annual and semi-annual interest-paying bonds and stocks, and the entire interest to be collected and paid over by his executor to his daughter, Mrs. Duvall, for use during life for the maintenance and support of herself and children to the exclusion of her husband. That the wife took the interest on these bonds or the personalty thus invested during her life is not controverted; but it is maintained by the executor that at her death the child of Mrs. Duvall, the present appellee, took no greater interest than the mother, and that it was the duty of the executor to hold and control the fund, paying out of the income such a sum only as was necessary for the comfortable support of the appellee. The chancellor adjudged that the guardian of the appellee, the latter being an infant, was entitled not only to the interest but to the possession and control of the bonds and stocks in the possession of the executor, and in this judgment we must concur. The will expressly provides that "at the death of my daughter I will and bequeath all of my said stocks and bonds, and all profits and benefits thereof, to such children or child of my said daughter as may then be living, and to be equally divided between them," and further provides that should his daughter die without children or child before the youngest arrived at age, "then, I will and bequeath said stocks and bonds and all interest that may have accrued thereon and not have been received by the beneficiaries, and all interest that may, thereafter, accrue" to his sister, Mrs. Green. He expressly devises the bonds, stocks and interest, to the child or children of his daughter at her death, this right subject to be defeated by the death of the child or children without issue surviving before arriving at the age of twenty-one years. The right to the use, possession and enjoyment of the property vests in the children at the death of the mother subject to be divested on the contingency of the child or all the children dying under twenty-one of age and without issue. This contingency may yet happen, and if so the remote devisee, Mrs. Green, succeeds to the estate. There is no condition precedent annexed to the devise, but a condition subsequent that may deprive the next of kin from benefiting from

the devise, for should the death occur before the appellee is twenty-one years of age, his aunt, Mrs. Green, if living, becomes the owner of the property.

The construction of the fourth clause of this will is attended with some difficulty.

This clause is confined to the real estate of the devisor. He directs that none of this real estate be sold, but that his executor shall have the supervision and take full charge and control of the same, by renting it out on such terms as may be deemed most advantageous to the parties who are to receive the benefits. The executor, after paying all expenses, such as taxes, etc., and compensating himself, is to pay the rent over to the daughter, Mrs. Duvall, for the support of herself and children, as is directed with reference to his personal estate. "At my said daughter's death said rents, when collected, to be for the benefit of, and so equally divided among such of her children or child as may be living at her death; and so to be paid until the youngest of said children shall arrive at twenty-one years of age; at which time, but not until then, or in a reasonable time thereafter, said real estate shall be sold, and the proceeds be equally divided between said children." The testator was up to this time evidently providing for a state of case in which more than one child could be interested in the property, and in such case his intent was that the property should be held undivided until the youngest child arrived at age, and then the entire real estate sold and the proceeds divided between the several children. He seems not to have considered the fact that the daughter might leave only one child surviving her, but pursuing his purpose further, provides "Or, if but one child be then living and none of the other children have issue living, said real estate shall not be sold,—but the fee simple title in and to all of the same shall go to and vest absolutely in said child." He gives no directions up to this point as to the disposition of the estate in the event the daughter died leaving only one child, and it is evident that no other thoughts entered his mind than that the daughter would bear more than one child, and he was providing against a division or sale of the real estate before the youngest arrived at age. He then provides that, if his daughter should die without leaving any children or her children should all die without issue before arriving at twen-

ty-one years of age, the sister, Mrs. Green, was to have the estate.

What interest then did this child take at the death of his mother? He took a defeasible fee, and in the event he dies as provided by the will before he is twenty-one years of age, without issue, his aunt, Mrs. Green, as in the case of the personal estate, becomes the owner of the realty. This, we think, is the proper and just construction of the fourth clause of the will— that the property be kept together and rented out until the youngest of the children arrived at the age of twenty-one years. It was for no other reason than the belief on the part of the testator that the property would become more valuable and that a division of the proceeds at that date would have to be made between several children. But here no division was necessary, and no sale was required, as the testator provides that if all the children are dead and but one living, he shall have the fee simple estate, and upon such a contingency the clause by which Mrs. Green becomes entitled to the property is inoperative.

Here is a devise to the appellee with a limitation over, that if he dies before he arrives at twenty-one years of age without issue the estate passes to Mrs. Green. The interest in such a case vests instante, and becomes indefeasible when the child arrives at the age of twenty-one years. A devise of real estate to C. D. when or so soon as he attains the age of twenty-one years, but in case he should die then to become a devise over, it was held that C. D. on the death of the testator took an estate in fee subject to be divested on his dying under twenty-one years of age. Where there is a devise over, the direct devisee, on the death of the testator, takes a defeasible fee, subject to the happening of the contingency by which he is divested of title. He is also entitled to the possession. *Hughes v. Hughes,* 12 B. Mon. (Ky.) 115.

The doctrine is well settled that the first taker is entitled to the immediate use and possession of the property unless otherwise provided in the instrument vesting the title, whether by deed or executory devise. The rule is, that a devise to one when or if he shall attain the age of twenty-one years is contingent, unless followed by a limitation over; then, the devise over is explanatory of the sense in which the testator intended the devisee's interest in the property should defease, namely, that at

age it should become indefeasible and absolute, and the interest therefore construed to vest at once.   2 Jarmon on Wills (5th Alm. Ed.), Ch. 25; 2 Washburn on Real Property (4th Ed.), 579.

We think, therefore, applying the rule applicable to such devises both to the personalty and real estate mentioned, the appellee, by his guardian, is entitled to the use and possession of the entire estate, and if dying before arriving at age without leaving issue the remote devisee will take under the will.

Many exceptions have been filed to the commissioner's report by both parties, and while the costs of administration as allowed, if followed up in the subsequent management of the estate, would leave but little income to the appellee, we are disposed to approve the action of the court below, and to sanction the report of the commissioner.  The executor seems to have acted in good faith and performed services outside of the mere collection and disbursement of the monies, and a re-reference, if made, would but add to the heavy costs already incurred.  The deduction from some of the claims of the attorneys was proper, and certainly the allowance to the appellant, Richardson, of fifty dollars, in addition to the allowance for services actually rendered, was ample. His allowance we deem amply sufficient.

As this proceeding was instituted for a proper construction of the will by the appellee, it seems to us that the costs should have been paid out of the estate and not adjudged against the executor, and for that reason the judgment must be *reversed* on the original appeal.  The judgment is *reversed* on the cross-appeal with directions to make a final settlement with the executor and require the latter to deliver over to the guardian the entire estate of Crofoot devised by the will to his daughter and her children. The costs will be divided in this court, each party paying one-half the costs.  Both appeals heard together.

*Elliott & Hemmingway, for appellant.*

*Lane & Harrison, Bijur & Davie, for appellee.*